**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

       Plaintiff,

v.

Garrett Lee Jones,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 03-442 ADM/RLE

_____

Chris S. Wilton, Esq., and Erica H. MacDonald, Esq., Assistant United States Attorneys, Minneapolis, MN, on behalf of Plaintiff.

Robert J. Kolstad, Esq., Minneapolis, MN, on behalf of Defendant.

_____

**I. INTRODUCTION**

This matter is before the undersigned United States District Judge for determination of sentencing issues briefed by the parties [Docket Nos. 120, 134, 135]. Defendant advances the argument, <u>inter alia</u>, that as a result of the recent Supreme Court decisions in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), imposition of any sentence exceeding 135 months would constitute <u>ex post facto</u> punishment and violate Defendant's due process rights [Docket No. 120; Docket No. 134]. For the reasons set forth below, Defendant's Motion is denied.

## II. DISCUSSION

Defendant contends that sentence enhancements not imposed by a jury violate his Sixth Amendment rights under Blakely and Booker. For the following reasons, Defendant's arguments are rejected.

In Blakely, the Supreme Court held that the Sixth Amendment prohibits sentences greater than "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant." 124 S. Ct. at 2537. Applying the principles first announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and affirmed in Blakely, Booker found the system of enhancements established by the USSG violates the Sixth Amendment. See 125 S. Ct. at 749-50. The Supreme Court resolved this conflict by excising the provision of the Sentencing Reform Act that made the USSG mandatory, 18 U.S.C. § 3553(b)(1), effectively rendering the Guidelines advisory. Booker, 125 S. Ct. at 756-57; see also Green v. United States, 2005 U.S. App. LEXIS 1652, *2-3 (2d Cir. February 2, 2005). While Booker may have resulted in the Guidelines being altered from mandatory to advisory, neither this change, nor any other facet of Booker creates sufficient grounds for a finding of a violation of the ex post facto clause of the United States Constitution, or a violation of Defendant's due process rights.

The ex post facto clause of the United States Constitution provides that "no state shall ... pass any . . . ex post facto Law." U.S. Const. art. I, § 10, cl. 1. The Supreme Court has strictly interpreted this clause as a limitation on the powers of the legislature, and not the judiciary. Marks v. United States, 430 U.S. 188, 191 (1977). In Bouie, however, the Supreme Court held that limitations on ex post facto decision making applies to the judiciary through the Due Process

clause of the Fourteenth Amendment. Bouie v. Columbia, 378 U.S. 347, 354 (1964). Bouie establishes that if the law as it existed at the time a crime occurred provided sufficient warning of a maximum possible punishment for that crime, no due process violation occurs if the defendant is sentenced at or below the maximum. Id. at 354; see, e.g., United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005); United States v. Gray, 362 F.Supp.2d 714 (S.D.W.Va. 2005). The Bouie court further found that in order to achieve due process when determining if an ex post facto violation has occurred, the applicable statute must not be "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." 378 U.S. at 354. This mandate that the law must not be "unexpected and indefensible" speaks directly to the focus of due process. Id.

The theory of due process is rooted in the "concepts of notice, foreseeability, and the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Rogers v. Tennessee, 532 U.S. 451, 459 (2001). Thus, if Defendant, at the time he committed his crimes, had notice and fair warning that committing rape against two minors could result in a sentence of 360 months to life, Defendant cannot claim such a sentence violates his due process rights.

Defendant committed his crimes long before the Supreme Court announced the holdings in Blakely and Booker. "[B]efore Blakely was decided, every federal court of appeals had held Apprendi did not apply to guideline calculations made within the statutory minimum." Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004) (citations omitted). At the time Defendant perpetrated his crimes, the law clearly indicated that committing rape against two minors could result in a sentence of 360 months to life in prison. The Guidelines at the time also informed

3

Defendant that the judge would engage in fact-finding to determine his sentence.  This law provided, and continues to provide, adequate notice and fair warning consistent with due process, so that anyone, including Defendant, knows the severe penalty of perpetrating such acts.  See 18 U.S.C. §§ 1151, 1153, 2241(a) and 2246(2).  Because the criminal statutes remained consistent from the time the crimes were perpetrated by Defendant until the time of sentencing, there is no Constitutional ex post facto violation, or violation of Defendant's due process rights.

Defendant's sentence is reasonable considering the serious nature and circumstances of his crimes.  Defendant violently raped two young girls, ages 12 and 16, one of which was his cousin.  Defendant has not expressed remorse to the victim or accepted responsibility for his crime.  At sentencing, Defendant stated he was sorry, but his apologies were directed towards his family and the court for the inconvenience he may have caused.  Defendant continues to reiterate his incredible claim that his 12-year-old cousin propositioned him in a way which he could not resist, and sustained her injuries as a result of being beaten by her grandmother.  Defendant has engaged in a pattern of violent sexual behavior against minors which demands his incarceration as punishment for his crimes, as a deterrent against future crimes, and as protection of the public.  These results are consistent with the sentencing goals set forth in 18 U.S.C. § 3553(a).

Dated: June 14, 2005					BY THE COURT:

							s/Ann D. Montgomery

							_____
							ANN D. MONTGOMERY
							U.S. DISTRICT JUDGE