## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Garrett Jones,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal Case No. 03-442 ADM/RLE
Civil Case No. 15-2674 ADM

_____

Julie E. Allyn, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Garrett Jones, *pro se.*

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Garrett Jones' ("Jones") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("2255 Motion") [Docket No. 154] and the Government's Motion to Dismiss [Docket No. 158]. For the reasons set forth below, Jones' motion is denied and the Government's motion is granted.

## II. BACKGROUND

On March 17, 2004, a federal grand jury returned a Superseding Indictment charging Jones with five counts of aggravated sexual abuse. Superseding Indictment [Docket No. 52]. Counts 1, 2, and 3 charged Jones with the aggravated sexual abuse of his 12-year-old cousin, and Count 4 charged Jones with the aggravated sexual abuse of a 16-year-old individual.[1] Id. Jones

---

[1] Count 5 of the Superseding Indictment charged Jones with abusive sexual contact of a third minor. See Superseding Indictment. It was later dismissed by the prosecution. Sentencing J. [Docket No. 137].

testified in his defense at trial. On May 6, 2004, the jury returned a guilty verdict on all counts. Jury Verdict [Docket No. 104]. After several continuances to obtain further information for sentencing, Jones was sentenced to 360 months imprisonment on June 6, 2005. Sentencing Judgment [Docket No. 137].

Jones raised several issues on direct appeal. See United States v. Jones, 440 F.3d 927, 928–29 (8th Cir. 2006). First, he challenged the sufficiency of the evidence related to his conviction of aggravated sexual abuse on Count 4, contending that there was no evidence of "penetration" as required by 18 U.S.C. § 2246(2)(A). Id. Second, he claimed that sentencing enhancements for age-of-the-victim and repeat-sex-offender constituted impermissible double counting. Id. at 929. Third, he argued that the application of advisory sentencing guidelines to a crime that took place prior to the United States Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005) violated the Ex Post Facto Clause of the Constitution. Id. Finally, Jones raised *pro se* arguments that his Equal Protection and Sixth Amendment rights were violated when the government removed him from the Reservation without prior notice to the tribal government. Id. The Eighth Circuit rejected Jones' arguments and affirmed the convictions. On October 2, 2006, the United States Supreme Court denied Jones' petition for writ of certiorari. Jones v. United States, 549 U.S. 855 (2006).

On June 8, 2015, Jones filed the present 28 U.S.C. § 2255 motion to vacate his sentence. 2255 Motion. In this motion, Jones argues that his defense counsel at trial provided ineffective assistance of counsel. 2255 Mot. at 4. Specifically, Jones points to multiple instances at trial where his attorney failed to raise challenges or objections. Id. at 4–7. Jones contends that his attorney should have raised objections related to the following nine issues summarized here:

2

1. FBI Indian case agent John Egelhof's "shoddy" and "prejudicial" investigation of Jones' alleged crimes on November 30, 2001;

2. FBI Indian case agent John Egelhof's failure to conduct a timely and adequate investigation related to Jones' alleged crimes against a 16 year old;

3. An improper instruction to the grand and petit juries on the element of force required pursuant to 18 U.S.C. § 2241(a)(1) and therefore denying Jones a fair trial;

4. The Government's choice not to call Gerald Jones and Marilyn Jones, whose testimony would have shown that Jones was not responsible for a victim's body being sore and bruised;

5. The chain of evidence;

6. The unsettled question of whether a judge or a jury is required to decide if Jones is an Indian to establish federal court jurisdiction under 18 U.S.C. § 1153(a);

7. The United States Marshal Service's custody of Jones in December 2003 as violating the constitution, the Indian Civil Rights Act, and other tribal laws of the Red Lake Band;

8. The Government's threats that effectively stopped a 12 year old victim from coming forward with a recanted statement exculpating Jones; and

9. The Government's violation of the Speedy Trial Act.

Id.

## III. DISCUSSION

### A. Standard for Relief Under 28 U.S.C. § 2255

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage

3

of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). A prisoner is entitled to an evidentiary hearing on a § 2255 motion; however, a hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**B. Timeliness of Jones' Motion**

  **1. 1-year limitation period**

The Antiterrorism and Effective Death Penalty Act of 1996 governs this Court's review of a federal prisoner's collateral attack on the constitutionality or legality of his sentence. Pursuant to 28 U.S.C. § 2255(f), a "1-year period of limitation" applies to petitions under § 2255:

> A. 1-year period of limitation shall apply to a motion under this section. The limitations period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Jones' conviction became final in 2007. "Finality [of conviction] attaches when [the

United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003) (citations omitted). Jones sought Supreme Court review of the Eighth Circuit's judgment affirming his conviction, certiorari was denied by the United States Supreme Court on October 2, 2006. See Jones, 549 U.S. 855 (2006). To be considered timely under § 2255(f)(A)(1), Jones was required to file his § 2255 motion before the one year period ending October 2, 2007. Jones' motion is untimely by more than seven years.

Jones appears to contend that the fourth triggering event is relevant here, because newly discovered facts support his arguments for relief:

> [T]he facts at bar constitute newly discovered evidence not previously available to the movant as reflected in other Indian case of common law and fact challenging the same FBI—U.S. Attorney, Tribal Law & Justice policies, practices or patterns at bar as reflected in currently pending federal Bivens–RICO complaint Victor C. Fourstar, Jr. v. Jacqueline Decou, et al., 9th Cir., No. 13-36138 (U.S. Supreme Court, No. 14-5500).

2255 Mot. at 15. As best this Court can discern, Jones is arguing that tolling under § 2255(f)(4) is appropriate because Fourstar is newly discovered evidence not previously available. This argument fails for several reasons. First, the Fourstar case does not address tolling in habeas actions. See Fourstar v. Jacqueline Decou, No. 13-93 (DWM/KS) Compl. [Docket No. 2]. Second, the tolling contemplated in § 2255(f)(4) applies to newly discovered facts, not newly discovered case law. See Phillips v. United States, 734 F.3d 573 (6th Cir. 2013) ("§ 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law"). Fourstar does not save Jones' § 2255 motion from being time barred.

As to the other triggering events under § 2255(f), none are applicable here. Jones does not make a specific allegation that an unconstitutional or unlawful act by the government

5

prevented him from timely filing his motion, nor does he explicitly identify a recently recognized right by the Supreme Court that is retroactively applicable to his § 2255 motion.[2]

In sum, Jones has provided no evidence that any triggering event contemplated in § 2255(f) other than the finality of his conviction is applicable to the case at hand. Since Jones brought the present § 2255 motion more than seven years after the 1-year period of limitations, his motion is untimely.

**2. Equitable Tolling**

Equitable tolling may be available to a petitioner when "extraordinary circumstances" beyond a petitioner's control prevented the timely filing of a § 2255 motion, so long as "the petitioner or movant has demonstrated diligence in pursuing the matter." United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005) (citation omitted); see also Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013) (stating that for equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" (quotation and citation omitted)). The Government maintains that no such "extraordinary circumstances" are present here. The Court agrees.

---

[2] In his Reply Memorandum, Jones argues for the first time his claims fall within the newly recognized laws of Bousely v. United States, 523 U.S. 614 (1998), Begay v. United States, 553 U.S. 137 (2008) and Padilla v. Kentucky, 559 U.S. 356 (2010) and therefore he is actually innocent. This argument fails for several reasons. Jones is barred from raising an actual innocence claim for the first time in a reply brief. See Smith v. United States, 256 Fed. Appx. 850, 852 (8th Cir. 2007) (stating that the district court did not err by dismissing claims raised for the first time in a § 2255 reply brief). Moreover, Jones has failed to articulate how these cases are applicable to his motion for collateral relief. Even if Jones had established their relevancy, § 2255(f)(3) states that the 1-year "limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). But Jones did not file his § 2255 motion during the year after the cited cases were decided, the latest of which was decided on March 31, 2010.

In his Reply Memorandum, Jones repeatedly references a Bivens action he also filed in this District. See Reply Mem. [Docket No. 159] 1–4. Jones seems to argue that his Bivens[3] action establishes that he has been pursuing his rights diligently and that extraordinary circumstances prevented him from complying with the time limitations of § 2255. Jones states, "In light of Jones' contract complaint Jones v. The United States allegation of secret laws by the United States being used against Jones (and other Native Americans), Jones could not have brought his claims to this Court prior to the '1-year period of limitation' governing motions for collateral relief under section 2255." Id. at 2–3. This allegation is insufficient to establish equitable tolling. The remedy and issues present here are distinct from any Bivens claim Jones may be pursuing. Moreover, Jones has not presented any specific circumstances that would qualify as "extraordinary," nor does filing a Bivens action somehow demonstrate that Jones has been pursuing his rights diligently. Jones raises only claims related to alleged ineffective assistance of counsel at trial—none of the issues raised by Jones occurred after his trial. Equitable tolling does not apply to Jones' § 2255 motion and it must be dismissed as untimely.

## IV. CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability. A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The

---

[3] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

7

Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of the issues raised in the motion would be debatable among reasonable jurists.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Garrett Jones' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 154] is **DENIED** and the Government's Motion to Dismiss [Docket No. 158] is **GRANTED**.  Because Jones is not entitled to relief, his application to proceed *in forma pauperis* [Docket No. 155] is denied as moot.  A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 25, 2015.